UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINDY R. STARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12 CV 473 DDN |
| HARRIS COMPANY, INC., et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This action is before the court on the partial motion of defendants Harris Company, Inc. and Prince A. Harris for judgment on the pleadings. (Doc. 40.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 36.) Oral argument was heard on December 7, 2012.

**I.  BACKGROUND**

Plaintiff Cindy R. Starks commenced this action pro se against defendants Harris Company, Inc. ("Harris Company"), her former employer, and Prince A. Harris. (Doc. 1.) The court appointed counsel for plaintiff, and on August 9, 2012, plaintiff filed her second amended complaint. (Docs. 9, 16.)

In her second amended complaint, plaintiff alleges claims against defendant Harris Company under (1) Title VII of the Civil Rights Act of 1964 ("Title VII") for (a) race discrimination, (b) sex discrimination, (c) sexual harassment, and (d) retaliation; (2) the Equal Pay Act; and (3) the Fair Labor Standards Act;[1] and alleges claims against both defendants under (4) the Electronic Communications Privacy Act; (5) the Missouri Wiretap Act; and (6) Missouri common law for (a) unjust enrichment, (b) quantum meruit, and (c) intrusion into seclusion. (Doc. 16.) On October 26, 2012, defendants moved for judgment

---

[1] Although defendants do not address the Equal Pay Act and Fair Labor Standards Act claims in their motion, the undersigned notes that the Equal Pay Act is an amendment to the Fair Labor Standards Act and that the Fair Labor Standards Act is separate and distinct from Title VII. Corning Glass Works v. Brennan, 417 U.S. 188, 190 (1974); 29 U.S.C. § 201, et seq.; 42 U.S.C. § 2000e, et seq. Significantly, unlike Title VII, Fair Labor Standards Act does not mandate the exhaustion of administrative remedies as a prerequisite for filing suit. Compare 29 U.S.C.A. § 216 with 42 U.S.C.A. § 2000e-5.

on the pleadings regarding plaintiff's claims of sex discrimination and sexual harassment under Title VII and all claims under Title VII against Defendant Prince Harris.  (Doc. 40.) On December 7, 2012, plaintiff orally moved to dismiss her sexual harassment claim.

According to the second amended complaint, the following occurred.  Plaintiff is an African-American female and at all relevant times defendant Harris Company employed plaintiff as an office manager.  (Doc. 16 at ¶¶ 6,7.)  Defendant Harris was at all relevant times the president of Harris Company and plaintiff's direct supervisor.  (Id. at ¶ 10.) Harris Company paid plaintiff substantially less than a white male employee with substantially similar responsibilities.  (Id. at ¶¶ 12, 14.)

In 2010, plaintiff and defendant Harris entered into a consensual sexual relationship.  (Id. at ¶ 16.)  After the relationship ended, plaintiff refused defendant Prince Harris' requests to continue the relationship.  (Id.)  As a result, defendant Harris began to yell at plaintiff, call her names, and kick and throw things.  (Id.)  Defendants treated plaintiff differently after the relationship than before the relationship ended and also treated plaintiff differently than they treated other employees.  (Id.)  For instance, after the relationship, defendants docked pay when plaintiff conducted personal business during the workday, which they did not do before the relationship ended nor did they dock the pay of other employers for similar conduct.  (Id.)  Defendant Harris also described his sexual relationship to other employees, which then became a topic of workplace discussion.  (Id. at ¶ 17.)

Plaintiff complained to defendant Harris about her treatment as she perceived it. (Id. at ¶ 19.)  Afterwards, defendant Harris sent text messages to plaintiff threatening her reputation, tapped her personal cellphone, closely monitored her work, and assigned her additional time-consuming work.  (Id. at ¶¶ 19-22.)  Also, defendant Harris' sister falsely accused plaintiff of using company funds for personal use and taking the documents of title for company vehicles.  (Id. at ¶ 24.)  As a result of defendant Harris' conduct, plaintiff resigned.  (Id.)

Although plaintiff often worked over forty hours in a week, defendants never compensated her for more than forty hours of work for any week.  (Id. at ¶ 26.) Defendants promised plaintiff that he would "take care of her and her children" if she helped him build his business, assuring her that she would be paid if business was profitable.  (Id. at ¶ 28.)  Relying on this promise, plaintiff refrained from seeking a higher paying position elsewhere and worked over forty hours per week despite receiving compensation for only forty hours per week.  (Id.)  Defendants failed to honor their promise to her, despite honoring similar promises to other employees.  (Id.)

Defendant Harris installed a device or program on plaintiff's cell phone to intercept her phone conversations and informed plaintiff that he knew the contents of her conversations.  (Id. at ¶ 30.)  The device or program also enabled defendant Harris to turn her phone into a listening device.  (Id.)  He also installed a GPS device on plaintiff's personal vehicle.  (Id. at ¶ 32.)

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Harris Company and Harris move for judgment on the pleadings under F.R.Civ.P. 12(c) on plaintiff's claims of sex discrimination, and defendant Prince A. Harris moves for judgment on all of plaintiff's Title VII claims.

Defendants argue that plaintiff's second amended complaint alleges claims (1) under Title VII for (a) disparate treatment based on sex, (b) sexual harassment, (c) racial discrimination, and (d) retaliation; (2) under the Equal Pay Act; (3) under the Fair Labor Standards Act; (4) under the Electronic Communications Privacy Act; and (5) under the Missouri Wiretap Act and common law.

Defendants argue that plaintiff failed to allege sex discrimination claims in her charge of discrimination filed with the federal Equal Employment Opportunity Commission, thereby failing to comply with the statutory requirement that she exhaust her administrative remedies before seeking judicial relief.

Defendant Prince A. Harris argues that all of plaintiff's claims against him under Title VII must be dismissed for failure to state a claim, because she alleges he was her supervisor, and individual supervisors may not be sued under Title VII, invoking Bonomolo-Hagan v. City Central-Everly Community School Dist., 121 F.3d 446 (8th Cir. 1997).

Plaintiff argues that, giving her administrative charge before the EEOC the required liberal construction, Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002), the court must consider whether her judicial allegations of discrimination based on sex are like, reasonably related to, or grow out of her allegations in the administrative charge.

In her response to the defendants' motion, plaintiff states that she makes no claim under Title VII against defendant Prince A. Harris.  (Doc. 44 at 5.)

### III.  MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

When considering motions for judgment on the pleadings under Rule 12(c), courts must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006).  "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).

### IV.  DISCUSSION
**A. Failure to exhaust administrative remedies**

Defendants argue that plaintiff failed to exhaust her administrative remedies for her claims of sex discrimination under Title VII.  The court agrees.

If a plaintiff fails to exhaust her administrative remedies with respect to a claim under Title VII, that claim is subject to dismissal.  Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 852 (8th Cir. 2012).  A plaintiff must exhaust his administrative remedies for each separate alleged unlawful employment practice.  Id.  "To allow otherwise would frustrate the EEOC's investigatory and conciliatory roles, and deprive the charged party of notice."  Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994).

In Richter, an employee filed a complaint in federal court, alleging race and sex discrimination, and retaliation.  686 F.3d at 854.  To determine whether the employee had exhausted her administrative remedies with respect to her retaliation claim, the Eighth Circuit looked to whether the employee had checked the box marked "retaliation" and to the narrative portion of her charge.  Id.  Because the employee failed to check the box and set forth no retaliatory actions, the court determined that the employee failed to exhaust her administrative remedies.  Id.

In her judicial complaint, plaintiff alleges that defendants discriminated against her on account of her sex by paying her substantially less than they paid a male employee with substantially similar responsibilities. (Doc. 16 at ¶ 12.)  In her administrative charge, plaintiff alleged that on account of her race defendants denied her wages for time spent at doctor's appointments while paying other employees for time spent at their doctors' appointments.  However, she did not mention the wage disparity alleged in her complaint nor did she allege that sex discrimination caused any wage disparity.  (Doc. 40-1.) Further, plaintiff did not check the box on the charge marked "sex".  (Id.)  Accordingly,

plaintiff failed to exhaust administrative remedies with respect to her claim of sex discrimination under Title VII.

**B. Individual liability**

Defendants argue that plaintiff's complaint fails to identify specifically the defendants for each individual claim and argues that plaintiff cannot bring a Title VII claim against defendant Harris because supervisors are not liable under Title VII.  Plaintiff replies that she has brought no claims under Title VII against defendant Harris. Accordingly, defendants' argument that defendant Harris cannot be liable under Title VII due to his status as a supervisor is moot.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the oral motion of plaintiff Cindy R. Starks to dismiss her sexual harassment claims is sustained.

**IT IS FURTHER ORDERED** that the motion of defendants Harris Co., Inc. and Prince A. Harris for judgment on the pleadings (Doc. 40.) with respect to plaintiff's sex discrimination claims under Title VII is sustained.

**IT IS FURTHER ORDERED** that the motion of defendants' for judgment on the pleadings with respect to plaintiff's Title VII claims against defendant Prince A. Harris (Doc. 40) is denied as moot.


　　　　　　　　　　　　　　　　　／S/   David D. Noce_____
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on December 20, 2012.