UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY R. STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:12-cv-00473-DDN |
| | ) | |
| HARRIS CO. INC., and PRINCE A. HARRIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S TRIAL BRIEF

COME NOW Defendants Harris Co. Inc. and Prince A. Harris, and in compliance with the Court's Case Management Order dated June 3, 2013, provides the following Trial Brief:

**Procedural Background**

Plaintiff initially sued Prince Harris and Harris Co. Inc. under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Fair Labor Standards Act, the Missouri Wire Tap Act, the Federal Communications Privacy Act, and for intrusion into seclusion, unjust enrichment, retaliation and quantum meruit.  Since that time, the Court dismissed Plaintiff's sex discrimination claim completely and her race discrimination claim under Title VII as to Defendant Prince A. Harris only.  Plaintiff voluntarily dismissed her sexual harassment claims, and on December 2, 2013, Plaintiff voluntarily dismissed her race discrimination claim against Harris Co. Inc.

**Factual Background**

Plaintiff worked for Harris Co. Inc. from approximately September 2009 to June 2011 as the company's office manager.  Plaintiff also performed some paid work on a part-time basis for Prince Harris, President of Harris Co. Inc., during 2007 and 2008.  Plaintiff and Prince A. Harris were involved in a sexual relationship that ended sometime around December of 2010.  Plaintiff voluntarily left employment with Harris Co. Inc. on June 29, 2011.   Plaintiff only complained of her employment conditions when she was denied unemployment compensation benefits.

**Legal Issues**

Plaintiff's remaining claims are under the Fair Labor Standards Act, the Missouri Wire Tap Act, the Federal Communications Privacy Act, and for intrusion into seclusion, unjust enrichment, retaliation and quantum meruit.  Plaintiff apparently intends to continue with a claim under Equal Pay Act, although in discovery, she had indicated that this claim was abandoned in light of the dismissal of her sex discrimination claims.  As more fully set forth below, Plaintiff declined to provide any information concerning her allegedly discriminatory pay.

Plaintiff claims Defendants violated the Fair Labor Standards Act by not paying her time and a half when she worked over-time. The Fair Labor Standards Act forbids an employer from allowing an employee to work in excess of 40 hours during a given week without compensating the employee at a rate not less than one and a half times the employee's regular rate of pay. 29 U.S.C.A. § 207 (West).  None of Plaintiff's time sheets reflect that she worked in excess of 40 hours a week during her employment at Harris Co. Inc. There is no evidence that Defendants requested Plaintiff be at the office outside of her normal hours or requested her to perform work in excess of 40 hours a week.  Actually, Defendants expect to show evidence that Plaintiff often worked less than 40 hours a week, but was still paid for a full 40 hours.

2

Plaintiff claims Defendants violated the Missouri Wire Tap Act and the Federal Communications Privacy Act.  The Missouri Wiretap Act allows for civil recovery against persons in violation of the act.  Mo. Ann. Stat. § 542.402 (West).  Plaintiff claims Defendants violated § 542.418 of the Missouri Wiretap Act by intentionally intercepting Plaintiff's wire, oral, or electronic communications by using an electronic, mechanical or other device on her cellular phone. (Paragraph 31 of the Second Amended Petition).  The Federal Communications Privacy Act also allows for civil recovery against persons in violation of the act. 18 U.S.C.A. § 2520.  Plaintiff claims Defendants violated §§2511(1) and 2520 of the Federal Communications Privacy Act by intentionally intercepting Plaintiff's wire, oral, or electronic communications by using an electronic, mechanical or other device on her cellular phone. (Paragraph 31 of the Second Amended Petition).  Plaintiff specifically details that Defendant Prince Harris violated the above acts by installing a GPS monitoring device on her vehicle and by intercepting her personal phone calls.  (Paragraph 32 of the Second Amended Petition).

Plaintiff will not make a submissible case on her Missouri Wiretap or Federal Wiretap claims.  Plaintiff claims an unidentified and unknown "listening device" was placed on her cell phone by Mr. Harris.  This listening device allegedly records audio around it even when the phone is not in use.  When asked to produce the phone that the device was allegedly placed on, Plaintiff stated that she no longer had that phone.  Plaintiff's entire assertion that that her phone was compromised was based on the fact that Mr. Harris was able to repeat a single conversation to Plaintiff that Plaintiff had with another individual; it being Plaintiff's recollection that the conversation occurred in a room where her phone was present, but not in use.  Plaintiff recanted her statement that a GPS was placed on her vehicle during her deposition.

3

Plaintiff's Intrusion into Seclusion claim rests on the assertion that Mr. Harris disclosed personal details of his and Ms. Starks' consensual sexual relationship to other employees. In December 2010, that relationship ended. Plaintiff claims that, thereafter, Mr. Harris described their sexual relationship to other employees and others gossiped and texted about it in the work place. (Paragraph 17 of the Second Amended Complaint). Plaintiff's Intrusion into Seclusion claim also rests on the assertion that Mr. Harris bugged her cell phone and put a GPS tracker on her vehicle.

In order to prove this claim Plaintiff must establish three elements: (1) the existence of a secret and private subject matter; (2) a right in the plaintiff to keep that subject matter private; and (3) the obtaining by the defendant of information about that subject matter through unreasonable means. St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 609-10 (Mo. Ct. App. 1998). Plaintiff will not make a submissible claim on her intrusion into seclusion claim because Defendant did not obtain information about his sexual relationship with Plaintiff through "unreasonable means." Any information he had about their sexual relationship came by way of being in the consensual sexual relationship. There was no "intrusion." The court in St. Anthony's Med. Ctr., gave two examples of "unreasonable means": deception and illegal activity. Id. Defendant Prince Harris did not obtain details about his and Plaintiff's sexual relationship through deception, illegal activity, or other unreasonable methods. Case law further defines unreasonable means as "method[s] objectionable to the reasonable man." Corcoran v. Sw. Bell Tel. Co., 572 S.W.2d 212, 215 (Mo. Ct. App. 1978). While it might be ungentlemanly to kiss and tell, it does render one liable under a theory of intrusion into seclusion. Lastly, intrusion into seclusion does not involve a publication. St. Anthony's Med. Ctr., 974 S.W.2d at

4

610. Therefore, Plaintiff's assertion that Mr. Harris allegedly told other persons about their sexual relations is immaterial to this claim.

Plaintiff's Unjust Enrichment and Quantum Meruit claims appear to be based on Plaintiff's assertion that her rate of pay was not adequate.  Unjust Enrichment and Quantum Meruit have the same three essential elements: "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." Johnson Grp., Inc. v. Grasso Bros., Inc., 939 S.W.2d 28, 30 (Mo. Ct. App. 1997).  While the elements of the two theories are the same, they have different remedies.  Id. Recovery under unjust enrichment is the "amount of the enrichment which . . . would be unjust for one party to retain", while recovery under quantum meruit is the "reasonable value of the goods or services furnished" by Plaintiff. Id.  Plaintiff will be unable to make a submissible claim for unjust enrichment or quantum meruit.  Plaintiff's belief that she was worth money money than she was being paid seems to rest on her assertion that Mr. Harris told her that, if she helped him grow his business, he would "take care of her and her children." (Paragraph 28 of the Second Amended Complaint).  Plaintiff claims she declined higher paying jobs in her belief that she would be paid more when the company did better.

Plaintiff's theory that she detrimentally relied on Mr. Harris' alleged verbal promise relies on the unpled theory of promissory estoppel.  Promissory estoppel requires Plaintiff to establish four elements: "(1) a promise; (2) promisee detrimentally relies on the promise; (3) promisor could reasonably foresee the precise action the promisee took in reliance; and (4) injustice can only be avoided by enforcement of the promise." Prenger v. Baumhoer, 939 S.W.2d 23, 26 (Mo. Ct. App. 1997).  Even if Plaintiff had pled that claim, Missouri law requires

5

that a promise giving rise to this cause of action be "definite and delineated as an offer under contract law." Id. at 27 n. 4; see also Meng v. CitiMortgage, Inc., 4:12-CV-514 CAS, 2013 WL 1319008 (E.D. Mo. Mar. 29, 2013) (stating "the promise must be definite and made in a contractual sense."). Mr. Harris' alleged promise does not amount to a promise that is "definite and delineated as an offer under contract law." Prenger, 939 S.W.2d at 27 n. 4. This alleged promise is vague and capable of multiple interpretations.

Plaintiff's claim for retaliation under the Civil Rights Act remains vague. It is unclear what plaintiff claims was the basis of retaliation against her. In order to make a submissible retaliation claim under the Civil Rights Act, Plaintiff must establish "1) s/he engaged in a protected activity; 2) s/he suffered an adverse employment action; and 3) a causal connection existed between the protected activity and the adverse employment action." Clark v. Principi, 200 F. Supp. 2d 1109, 1120 (E.D. Mo. 2002) aff'd, 53 F. App'x 798 (8th Cir. 2003). Defendants do not believe Plaintiff will be able to establish a valid claim for retaliation as there was no protected activity in which plaintiff was engaged.

It appears that Plaintiff is attempting to resurrect her claim under the Equal Pay Act. Such a claim would be that Defendants violated the Equal Pay Act by paying Plaintiff at a rate less than other male employees. Plaintiff should be estopped from asserting this claim. Plaintiff's answers to interrogatories 12 and 13 from Prince A. Harris and Harris Co. Inc. read as follows:

> 12. In paragraph 12 of the 2nd Amended Complaint, Plaintiff alleges that she was paid substantially less than a male whose responsibilities were "substantially similar" to hers. Please:
>
>    a. State every fact upon which you rely to support this allegation;

    b.    Identify all documents relating to or evidencing such allegation;

    c.    Identify the date the alleged pay differential began and on what day it ended;

    d.    State the name and address of referenced male;

    e.    State the job title and duties of referenced male during the time in which Plaintiff was allegedly paid less than he was;

    f.    State the job title and duties of Plaintiff during the time in which Plaintiff was allegedly paid less than the referenced male was; and

    g.    State how much Plaintiff was paid and how much the male was paid during the time in which she allegedly was paid less than he was. Please note any changes in compensation during this period.

**ANSWER:  Objection. This information is no longer relevant because the Court has dismissed this allegation from the lawsuit.**

13.    In paragraph 13 of the 2nd Amended Complaint, Plaintiff alleges that she was discriminatorily paid less than other male employees. Please:

    a.    State every fact upon which you rely to support this allegation;

    b.    Identify all documents relating to or evidencing such allegation;

    c.    State the name and address of all male employees Plaintiff was paid less than;

    d.    State the job titles and duties of all male employees Plaintiff was allegedly paid less than; and

    e.    State the pay rate and/or salary of all males Plaintiff was allegedly paid

7

less than.

**ANSWER: See Plaintiff's Answer to Defendant Harris Co.'s Interrogatory 12.**

Plaintiff specifically disavowed a sexually discriminatory basis for pay. Therefore, Plaintiff should be barred from bringing a claim under the Equal Pay Act.  Should the Court permit Plaintiff to proceed, Plaintiff will be unable to prove that there were male employees similarly situated to Plaintiff who were paid differently from Plaintiff.  Plaintiff was the Office Manager.  There were no male office managers and all male employees had significantly different jobs from Plaintiff.

Defendant expects that the Motion for Judgment at the conclusion of Plaintiff's case will whittle down Plaintiff's claims significantly, to the extent it does not dispose of Plaintiff's claims in their entirety.

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/Martin J. Buckley
Martin J. Buckley     #37000
Monica M. Eday       #63797
Attorney for Defendants
1139 Olive Street, Suite 800
St. Louis, MO 63101-1928
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
mbuckley@buckleylawllc.com
Meday@buckleylawllc.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of January, 2014, a copy of the above was filed electronically with the Clerk of the Court using CM/ECF system, which sent notification of such filing to: Ms. Jessica M. Scales, Mary Anne Sedey, Sedey Harper, P.C., 2711 Clifton Ave., St. Louis, MO 63139, Attorneys for Plaintiff.

                                                  /s/Martin J. Buckley