UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINDY R. STARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12 CV 473 DDN |
| ) | |
| HARRIS COMPANY, INC., ) | |
| Defendant. ) | |

**POST VERDICT MEMORANDUM AND FINDING**

This action is before the court for further proceedings following the rendering of verdicts by the jury on January 27, 2014. The jury found that defendant Harris Company, Inc., failed to pay plaintiff Cindy R. Starks required overtime pay, a violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1). The jury awarded plaintiff the sum of $2,205.00 as compensatory damages on this claim. Relevant to the legal issue of the statute of limitations, the jury also found that defendant either knew its conduct was prohibited by the Fair Labor Standards Act or showed reckless disregard for whether its conduct was prohibited by the Act.

Congress has provided that an employer who violates § 207(a)(1) shall also pay to the employee additional liquidated damages in the amount of the actual damages determined by the court. 29 U.S.C. § 216(b). Congress has also provided that,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to [the action to recover unpaid overtime pay] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages . . . .

29 U.S.C. § 260. The court concludes that, while the factual issue of willfulness for limitations purposes differs from the issues of good faith and reasonable grounds in § 260, the court is informed by the jury of the state of mind of defendant when violating § 207(a)(1). The court finds and concludes from all the evidence in the case that defendant has not shown that it acted in good faith and had reasonable grounds for believing its actions did not violate the federal law regarding plaintiff's entitlement to overtime pay. Chao v. Barbeque Ventures, LLC, 547 F.3d 938, 941 (8th Cir. 2008); Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1084 (8th Cir. 2000).

For these reasons, the court awards plaintiff liquidated damages in the sum of $2,205.00. The judgment of the court, issued herewith, includes both the compensatory damages found by the jury and the liquidated damages determined by the court.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 28, 2014.