# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CINDY R. STARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12 CV 473 DDN |
| ) | |
| HARRIS CO. INC., and ) | |
| PRINCE A. HARRIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiff Cindy R. Starks for attorneys' fees and expenses (Doc. 112) and the motion of defendants Harris Co. Inc., and Prince A. Harris for attorney fees (Doc. 113).

## I. BACKGROUND

Plaintiff Cindy R. Starks commenced this action pro se against defendants Harris Company, Inc., her former employer, and Prince A. Harris, her former supervisor. (Doc. 1.) On August 9, 2012, with the assistance of appointed counsel, plaintiff filed her second amended complaint. (Docs. 9, 16.) In her second amended complaint, plaintiff alleged claims against Harris Company under (1) Title VII of the Civil Rights Act of 1964 for (a) race discrimination, (b) sex discrimination, (c) sexual harassment, and (d) retaliation; (2) the Equal Pay Act; and (3) the Fair Labor Standards Act. She also alleged claims against both defendants under (4) the Electronic Communications Privacy Act; (5) the Missouri Wiretap Act; and (6) Missouri common law for (a) unjust enrichment, (b) quantum meruit, and (c) intrusion into seclusion. (Doc. 16.)

On December 20, 2012, the court dismissed the Title VII sexual harassment claim on plaintiff's motion and the Title VII sex discrimination claim on defendants' motion for judgment on the pleadings. (Doc. 49.) On December 2, 2013, plaintiff dismissed the Title VII race discrimination claim. (Doc. 59.) On January 15, 2014, plaintiff dismissed the claims under the

Electronic Communications Privacy Act and the Missouri Wiretap Act and the claims of quantum meruit, unjust enrichment, and intrusion into seclusion. (Doc. 89.)

Thus, on the eve of trial, plaintiff's claims included Title VII retaliation and violations of the Fair Labor Standards Act and the Equal Pay Act.

On January 21, 2014, the jury trial began. (Doc. 96.) After plaintiff's presentation of evidence, defendant moved for judgment as a matter of law on the Equal Pay Act claim, which the court sustained. (Doc. 98.) On January 27, 2014, the jury returned a verdict, awarding plaintiff $2,205.00 for the Fair Labor Standards Act claim but found in favor of defendant on the Title VII retaliation claim. (Doc. 107.) The court awarded an additional $2,205.00 for failure to demonstrate good faith under 29 U.S.C. § 216(b) and issued judgment against defendant Harris Company, accordingly. (Doc. 109-10.)

Plaintiff requests attorneys' fees in the amount of $38,590.00 and expenses in the amount of $579.77 under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Defendant objects to the amount of plaintiff's attorney fee request and further moves for attorney fees under 42 U.S.C. § 2000e-5(k) under Title VII, alleging that plaintiff's claims under Title VII were frivolous, unreasonable, and groundless. (Docs. 112, 113, 118.)

Plaintiff's Attorney Fees and Expenses

Plaintiff requests attorney fees in the amount of $38,590.00 and expenses in the amount of $579.77. Regarding the violations of the Fair Labor Standards Act states, "The court in [a Fair Labor Standards Act] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 9 U.S.C. § 216(b).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This amount is referred to as the lodestar. See e.g. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). "[The court does] not automatically accept the lawyer's rate as reasonable; we look also to the ordinary fee for similar work in the community." Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985). The court should also consider: "(1) the time and labor

required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." Zoll v. E. Allamakee Cmty. Sch. Dist., 588 F.2d 246, 252 n.11 (8th Cir. 1978). "The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole." Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). "If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained." Id.

Plaintiff seeks an hourly rate of $250.00 for her lead attorney Jessica Scales. Defendants argue that a rate of $250.00 per hour for attorney Scales is unreasonable. They suggest an hourly rate of $175.00 to account for her limited experience. Defendants argue that the average hourly rate for an attorney in St. Louis is $247.00 and that $250.00 is reasonable hourly rate for an experienced employment law partner in the St. Louis area. Hourly rates as high as $450.00 and $400.00 have also been approved for experienced employment law partners. West v. Matthews Int'l Corp., 2011 WL 3904100, *4 (E.D. Mo. 2011). While Ms. Scales does not fall into that category, affidavits from local employment law attorneys indicate that Ms. Scales' requested rate is reasonable, and the rate is not significantly higher than the lowest rates of similarly reputable firms in the area. (Docs. 112-1, 112-2, 112-3, 112-4, 118-2.) Additionally, Ms. Scales' interest in employment law and relevant legal experience predate her employment as a licensed attorney. (Doc. 112 at 2.) Significantly, Ms. Scales has provided counsel on a contingency basis. Based on plaintiff's counsel's experience, expertise, and performance in this case and considering the relevant legal market in the St. Louis metropolitan area, the court concludes that an hourly rate of $250 is reasonable for Ms. Scales.

Plaintiff seeks an hourly rate of $350.00 per hour for attorney Benjamin Westhoff. Defendants argue that the court should deny the entire request for attorney's fees for attorney Westhoff, contending that the tasks performed by him were duplicative of those performed by Ms. Scales. "[A]ny fees must be 'reasonably expended,' so that services that were redundant,

inefficient, or simply unnecessary are not compensable." Jenkins, 127 F.3d at 716. The records submitted by Ms. Scales and Mr. Westhoff indicate that they worked in tandem on the case for the trial. (Docs. 112-8, 112-9.) However, the records do not lead to the conclusion that their work was unnecessarily duplicative.

The work of Mr. Westhoff added substantial value to the work performed by Ms. Scales. West, 2011 WL 3904100, *4. Mr. Westhoff actively contributed to trial preparation and strategy throughout the trial, and he actively presented evidence during the trial. Courts have awarded attorney fees to co-counsel in similar cases, especially in cases that proceeded to jury trials. See e.g., Baker v. John Morrell & Co., 263 F. Supp. 2d 1161, 1199 (N.D. Iowa 2003) aff'd, 382 F.3d 816 (8th Cir. 2004); West, 2011 WL 3904100, *4. After carefully considering the record, the court finds that $300.00 per hour is a reasonable rate for Mr. Westhoff.

Plaintiff also seeks fee rates for the following attorneys: firm partner Mary Anne Sedey $400.00 per hour; firm partner Donna Harper $400.00 per hour; and firm partner John Lynn $350.00 per hour. Good management of a law firm reasonably requires supervision by a firm superior over the work of an associate. See West, 2011 WL 3904100, *2-4. Defendants do not contest these rates for these attorneys, or the $100.00 per hour rate for paralegal Marsha Roth, and the court finds that they are reasonable.

The court also assesses whether the amounts of hours expended by counsel were reasonable in the calculus of the lodestar amount. The hours expended by attorneys Scales and Westhoff and by paralegal Roth are unchallenged, except by the argument based upon the limited relief awarded to plaintiff. Anticipating that argument, plaintiff reduces the attorneys' and the paralegal's claimed hours by two-thirds to reflect her limited recovery.

Further, the court further reduces the hours claimed by supervisory attorneys Sedey, Harper, and Lynn. The reasonable supervision of subordinate attorneys ought not include duplicative effort. The efforts of three partners in supervising Ms. Scales and Mr. Westhoff are duplicative. In the circumstances of this case, limiting supervision to one partner is appropriate, especially when one of the attorneys being supervised is experienced, as is Mr. Westhoff. Therefore, the court reduces the hours of supervisory attorneys Sedey, Harper, and Lynn each by two-thirds.

Applying these considerations, the court finds and concludes that the following hourly rates and hours of effort are reasonable compensation for plaintiff's legal representation:

| | | | |
|---|---|---|---|
| a. | for attorney Scales: | 97.7 hrs at $250.00 per hour = | $24,425.00 |
| b. | for attorney Westhoff: | 22.9 hrs at $300.00 per hour = | $ 6,870.00 |
| c. | for attorney Sedey: | 1.2 hrs at $400.00 per hour = | $   480.00 |
| d. | for attorney Harper | 1.7 hrs at $400.00 per hour = | $   680.00 |
| e. | for attorney Lynn | 1.7 hrs at $350.00 per hour = | $   595.00 |
| f. | for paralegal Roth | 8.7 hrs at $100.00 per hour = | $   870.00 |

TOTAL:   $33,920.00

Plaintiff also requests one-third of the documented expenses in the amount of $1,739.30 for a total of $579.77. This is a reasonable award in this case.

### Defendants' Attorney Fees

Defendants request $18,196.75 in attorney fees, contending that they prevailed on the Title VII claims and further that such claims were frivolous, unreasonable, or groundless. "In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). However, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978). To do otherwise would undercut the legislative goal of the vigorous enforcement the civil rights afforded by Title VII. Id.

As stated above, plaintiff's second amended complaint alleged four specifications of claims under Title VII of the Civil Rights Act of 1964, and claims under the Equal Pay Act, the Fair Labor Standards Act, the Electronic Communications Privacy Act, the Missouri Wiretap Act, and Missouri common law for unjust enrichment, quantum meruit, and intrusion into seclusion.

The court dismissed the Title VII sexual harassment claim on plaintiff's motion and the Title VII sex discrimination claim on defendants' motion. Later, plaintiff herself dismissed the

Title VII race discrimination claim and the claims under the Electronic Communications Privacy Act, the Missouri Wiretap Act, and the claims of quantum meruit, unjust enrichment, and intrusion into seclusion. Thus, the trial began with claims under Title VII for retaliation, the Fair Labor Standards Act, and the Equal Pay Act. The court dismissed the Equal Pay Act claim for lack of sufficient evidence. The jury returned findings in favor of defendant on the Title VII retaliation claim and for plaintiff only on the failure of defendants to pay her overtime.

The court finds and concludes from this record that the several claims voluntarily dismissed by plaintiff and by the court for lack of evidence were groundless and thus were legally frivolous. The reduction of plaintiff's attorneys' fees to reflect her limited success does not consider the costs expended by defendants in response to her groundless claims. Recognizing this but not wanting to dampen the vigorous enforcement of a claimant's federal rights, the court awards defendants the limited sum of $1,500.00 as an attorney's fee.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff Cindy R. Starks for attorneys' fees and expenses (Doc. 112) is sustained in part and denied in part. Defendants shall pay plaintiff $33,920.00 as attorneys' fees and $579.77 in expenses.

**IT IS FURTHER ORDERED** that the motion of defendants Harris Co. Inc., and Prince A. Harris for attorney fees (Doc. 113) is sustained in part and denied in part. Plaintiff shall pay defendants $1,500.00 as an attorney's fee.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sealed document is sustained. (Doc. 114.)

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 26, 2014.